IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK22-80453 |
| ) | ADVERSARY CASE NO._____ |
| Scott Marion Skipper, ) | |
| Maria Rossi Skipper, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | |
| Maria Rossi Skipper, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Utica National Insurance Company. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO AVOID TRANSFER

COMES NOW the Debtor/Plaintiff, Maria Rossi Skipper, by and through attorney Ronald A. Hunter, and states to the Court as follows:

1. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 157. This is a core proceeding.

3. Venue for this complaint is proper pursuant to 28 U.S.C. § 1409.

4. The Debtors filed a voluntary petition for relief herein under Chapter 13 of the Bankruptcy Code on June 15, 2022, at case number 22-80453. The 90-day preference period set forth at 11 U.S.C. § 547(b)(4)(A) began on March 18, 2022, and ended on June 15, 2022.

5. The debts listed in the Debtors' schedules are primarily consumer debts.

6. On June 4, 2021, the Defendant, Utica National Insurance Company (the "Defendant") registered a foreign judgment against Maria Skipper (the "Debtor/Plaintiff") in a lawsuit captioned as "Utica National Insurance Company v. Maria Skipper", case number CI 21-0010031, in the County Court of Douglas County, Nebraska. The Defendant thereafter caused a continuing order of garnishment to be issued against the Debtor/Plaintiff's employer. Pursuant to

the garnishment a total of $825.03 was transferred to the Defendant during the 90-day preference period.

7. The transfer was not a voluntary transfer from the Debtor/Plaintiff.

8. The Debtor/Plaintiff did not conceal the transferred property.

9. At the time of the transfer the Debtor/Plaintiff was insolvent.

10. The Debtor/Plaintiff has claimed the transferred property as exempt in her Schedule C. There were no objections to the Schedule C filed.

11. Due to the transfer of property the Defendant received more than Defendant would have received if this case were a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

12. The Chapter 13 Trustee could have avoided such transfer under 11 U.S.C. § 547. The Chapter 13 Trustee has not moved to avoid such transfer of property.

13. A debtor's right to avoid transfers of property is provided for by 11 U.S.C. § 522(h) and (i). Section 522(h) provides:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if – (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer.

Section 522(g)(1) provides, in part as follows:

> [T]he debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section, if -
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property[.]

Section 522(i) provides as follows:

(i)(1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

(2) Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724 (a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

14.    The Debtor/Plaintiff is entitled to avoid the transfer of property.

15.    The attorney for the Defendant in the County Court garnishment proceeding was Timothy J. Jacobs.  The Debtor's attorney made demand for return of the transferred property in the form of letter sent to attorney Timothy J. Jacobs on July 21, 2022, and a followup telephone conversation on September 1, 2022.  The Defendant has failed to return the transferred property to the Debtor/Plaintiff.

16.    The addresses for the Defendant and its attorney are as follows:

Utica National Insurance Company
180 Genesee St.
New Hartford, NY 13413

Timothy J. Jacobs
Attorney at Law
974 73rd Street  Suite 20
West Des Moines, IA 50265

WHEREFORE, the Debtor requests as follows:

A.    that the Court enter an order avoiding the transfer of property from the Debtor/Plaintiff to the Defendant in the amount of $825.03;

B.    that the Court order the Defendant to pay $825.03 to the Debtor/Plaintiff; and

    C.    for such other relief as the Court deems just and equitable.

                                            Maria Rossi Skipper,
                                            Debtor/Plaintiff

DATED: September 16, 2022                By:*/s/ Ronald A. Hunter*
                                            RONALD A. HUNTER  #16864
                                            11605 Arbor St., #104
                                            Omaha, NE 68144
                                            (402) 397-6965
                                            Attorney for Debtor/Plaintiff